# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| CAROL CUNNINGHAM SON,<br>*Plaintiff*<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>*Defendant* | §<br>§<br>§<br>§ Case No. 1:19-CV-493-RP<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before this Court are Defendant's Motion to Dismiss and Motion for Sanctions, filed May 28, 2019 (Dkt. No. 4); Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, filed June 20, 2019 (Dkt. No. 9); and Defendant's Reply in Support of its Motion to Dismiss and Motion for Sanctions, filed June 25, 2019 (Dkt. No. 10). On October 4, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.  BACKGROUND

This is Plaintiff Carol Cunningham Son's ("Plaintiff") second lawsuit to prevent foreclosure of property located at 104 Cold Water Lane, Lakeway, Texas 78734 (the "Property").

On May 12, 2011, Plaintiff entered into a home equity loan (the "Loan") with Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). In May 2017, after Plaintiff fell behind on her mortgage payments, Plaintiff and Wells Fargo entered into a loan modification agreement to help Plaintiff avoid foreclosure. When Plaintiff again defaulted on her payment obligations, Wells Fargo filed a

proceeding under Rule 736 of the Texas Rules of Civil Procedure seeking an order authorizing foreclosure of the Property.

On May 24, 2018, Plaintiff filed her first lawsuit to challenge the foreclosure in the 98th Judicial District Court of Travis County, Texas, alleging that Wells Fargo was negligent in its servicing of the Loan. *See Son v. Wells Fargo Bank, N.A.*, Cause No. D-1-GN-18-002564 (98th Dist. Ct., Travis County, Tex. May 42, 2018) ("Lawsuit I"). After Wells Fargo removed the case to federal court, Plaintiff filed an Amended Complaint which dropped the negligence claim and added a breach of contract claim and a claim under Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41(g). On January 24, 2019, the District Court granted Wells Fargo's Motion to Dismiss under Rule 12(b)(6) and dismissed Lawsuit I with prejudice. *See Son v. Wells Fargo Bank*, No. 1:18-cv-00488-RP, 2019 WL 317251 (W.D. Tex. Jan. 24, 2019). Plaintiff did not file an appeal with the Fifth Circuit.

After Wells Fargo filed a second Rule 736 proceeding seeking an order of foreclosure, Plaintiff filed the instant lawsuit in state court alleging verbatim the same factual allegations as alleged in Lawsuit I. *See Son v. Wells Fargo Bank*, No. D-1-GN-19-002330 (261st Dist. Ct., Travis County, Tex. April 4, 2019). Plaintiff again alleges that Wells Fargo was negligent in its servicing of the Loan. The only difference between the two lawsuits is that Plaintiff has added new allegations that Wells Fargo failed to provide clear notice of the foreclosure and misstated the amount owed on the debt in violation of the Texas Debt Collection Act. *See* Dkt. No. 1-1 at p. 3-4.

After Wells Fargo removed the instant lawsuit to federal court, it filed the instant Motion to Dismiss arguing that the suit is barred by res judicata, and in the alternative that Plaintiff's claims fail as a matter of law. Wells Fargo also moves for sanctions under Texas Rule of Civil Procedure 13, Chapter 10 of the Texas Civil Practices & Remedies Code, and 28 U.S.C. § 1927.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Res judicata is not expressly listed as a defense that may be raised in a Rule 12(b) motion; rather, Rule 8(c) includes it as an affirmative defense. FED. R. CIV. P. 8(c), 12(b); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017). Accordingly, exact compliance with the rules requires pleading res judicata in the answer. However, "a technical failure to strictly comply with Rule 8(c) does not forfeit the affirmative

defense of res judicata when it is raised before the district court 'in a manner that does not result in unfair surprise.'" *Bradford*, 696 F. App'x at 694 (quoting *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000)) (affirming the district court's judgment that a claim was barred by res judicata when raised in a Rule 12(b)(6) motion); *see also* 18 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4405 (3d ed. 2018) ("In various circumstances, preclusion defenses have been entertained on motions to dismiss."). In *Bradford*, where "the affirmative defense was raised at a pragmatically sufficient time and Bradford was not prejudiced in her ability to respond, the defense of res judicata was not forfeited for any failure to strictly comply with Rule 8(c)." 696 F. App'x at 694 (internal citation and punctuation marks omitted). Here, Plaintiff was not prejudiced in her ability to respond and did, in fact, respond to Defendant's Motion to Dismiss.

### III. ANALYSIS

**A. Res Judicata**

Plaintiff acknowledges that she has asserted the same facts here as she alleged in Lawsuit I. *See* Dkt. No. 9 at p. 2. Plaintiff's lawsuit is barred by the doctrine of res judicata. Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Here, all four elements of the test are satisfied. First, the parties in this case are identical to the parties in Lawsuit I. Second, a court of competent jurisdiction, the District Court, rendered a

judgment in Lawsuit I. Third, the District Court entered a binding Final Judgment against Plaintiff on the merits and Plaintiff did not appeal that judgment, making it a final and preclusive judgment.

In order for the fourth element of res judicata to be satisfied, the two actions must be based on the same "nucleus of operative facts." *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). The causes of action asserted in this and the previous lawsuit arise out of the same nucleus of operative facts in that they all involve Plaintiff's default on the Loan and Wells Fargo's ability to foreclose on the Property. Plaintiff also advances new claims in this lawsuit, but they too arise out of the underlying foreclosure and could have been asserted in the previous lawsuit. "[I]t is black-letter law that *res judicata*, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983)); *see also In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) ("The rule is that res judicata bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated."). Accordingly, the fourth and final res judicata requirement is met, and Plaintiff has failed to present any special circumstances that would render res judicata unfair in this case. *See Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 n. 4 (5th Cir. 2003) (noting that "there must be no special circumstances that would render preclusion inappropriate or unfair").

**B. Sanctions**

While the Court agrees that Plaintiff's lawsuit is groundless and filed for the improper purpose of delaying the foreclosure, the Court declines to impose sanctions on Plaintiff or her attorney. Accordingly, Defendant's Motion for Sanctions is **DENIED**. However, the Court expressly **WARNS** Plaintiff and her counsel to review Federal Rule of Civil Procedure 11 before filing any other lawsuits related to the foreclosure of her Property, and that continuing to file duplicative

lawsuits in this Court will result in the imposition of serious sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this Court.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Dkt. No. 4) and **DISMISS** Plaintiff's lawsuit in its entirety as barred by the doctrine of res judicata. The Court **FURTHER RECOMMENDS** that the District Court **WARN** Plaintiff and her counsel that continuing to file duplicative lawsuits in this Court will result in the imposition of serious sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this Court.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 8, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE